**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| ADAM SAY, *to his use and to the use of Federal Insurance Company (CHUBB Group) a Worker's Compensation Insurer*<br>317 N. Mulberry Street, Unit 501<br>Lancaster, Pennsylvania 17603 | * * * | |
| AND | * | |
| BROOKE SAY<br>317 N. Mulberry Street, Unit 501<br>Lancaster, Pennsylvania 17603 | * * | |
| *Plaintiffs* | * | Case No. ____________________ |
| v. | * | **DEMAND FOR JURY TRIAL** |
| NESREDIN MUSSA<br>9912 Wenzel Lane<br>Fort Washington, Maryland 20744 | * * | |
| AND | * | |
| PAULINE NICHOLS<br>2934 Fressenden Street, NW<br>Washington, DC 20008 | * * | |
| AND | * | |
| LYFT, INC.<br>Serve On: The Corporation Trust Inc.<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093 | * * * | |
| *Defendants* | | |

* * * * * * * * * * *

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

The Plaintiffs, by Dennis F. O'Brien and Dennis F. O'Brien, P.A., their attorneys,

sue the Defendants and say:

1. The Plaintiffs, Adam Say and Brooke Say, are residents the State of Pennsylvania.

2. At all times pertinent, the Plaintiff Adam Say was employed by Advanced Cooling Technology and was in the course of his employment when the accident referenced herein occurred.

3. The Use-Plaintiff, Federal Insurance Company (CHUBB Group), insured Advanced Cooling Technology for worker's compensation purposes and as a result of the accident referenced herein, paid worker's compensation benefits to and on behalf of Adam Say and seek reimbursement of their statutory lien.

4. At all times pertinent, the Plaintiffs Adam Say and Brooke Say were married.

5. At all times pertinent, the Defendant Nesredin Mussa was a resident of the State of Maryland.

6. At all times pertinent, the Defendant Pauline Nichols was a resident of the District of Columbia.

7. At all times pertinent, the Defendant Lyft, Inc. was and is a Delaware corporation with its principal place of business in San Francisco, California.

8. As common carriers, the Defendants Mussa and Lyft, Inc. owed the Plaintiff the highest duty of care.

9. Venue is proper in this Court as the Defendant Mussa is a resident of the State of Maryland, the Defendant Lyft, Inc. does business in the State of Maryland, and it

is believed, and therefore averred, that the Defendant Nichols has substantial contacts in the state.

10. There is complete diversity between the parties, thus jurisdiction is proper in this Court pursuant to 28 U.S.C. 1322.

11. The amount in controversy exceeds $75,000.00.

**COUNT ONE**
**CASE ONE**
**(*Negligence versus Mussa and Nichols*)**

12. The Plaintiffs adopt and reallege the facts set forth above as if set forth more fully herein.

13. On or about June 6, 2023, while the Plaintiff Adam Say was a passenger in a vehicle owned and operated by the Defendant Mussa, and operated by him as an employee, agent and servant of the Defendant Lyft, Inc., he was caused to sustain serious, painful, permanent, and nearly fatal injuries when the vehicle operated by Mussa struck a concrete bollard/stanchion outside of the Hilton Hotel in Washington, D.C. at a speed greater than 45 mph.

14. The Defendant Mussa, while driving for the Defendant Lyft, Inc., picked up the Plaintiff Adam Say at the Hilton Hotel and was transporting him to Dulles Airport. The Plaintiff Adam Say was in the District of Columbia for work purposes and was a rear, seat belted passenger.

15. The Defendant Mussa began driving erratically immediately and when he entered the intersection of T Street, NW at its intersection with Connecticut Avenue, NW

he collided with a vehicle operated by the Defendant Nichols.

16. As the Defendant Mussa entered the intersection he was involved in a minor collision with the Defendant Nichols. The Defendant Mussa contends he was facing a green arrow and that the Defendant Nichols entered the intersection on a red light.

17. The Defendant Nichols did not remain at the scene after the initial collision.

18. After the minor collision, instead of stopping, the Defendant Mussa accelerated rapidly, reaching speeds over 45 mph.

19. It is believed, and therefore averred, that the Defendant Mussa, who had pulled to the right curb and almost stopped before accelerating, was attempting to chase the Defendant Nichols by driving forward to a place where he could make a U-turn and travel the other direction.

20. As he sped forward and swerved to the left, he struck a concrete bollard or stanchion at more than 45 mph causing serious injury to the Plaintiff Adam Say, who suffered no known or apparent injury in the initial minor collision with Nichols.

21. The Defendants Mussa and Nichols owed a duty to Plaintiff Adam Say and others to operate their vehicles in a safe and prudent manner, and they failed to do so.

22. Mussa, failed to do so by speeding up after the minor collision, and losing control of his vehicle in an attempt to chase the Defendant Nichols, and Nichols in failing to stop at a red light, if Mussa's allegation is true.

23. The Defendant Mussa was also negligent in that he failed to stop when able after the first collision, he accelerated and made severe steering inputs, he failed to

control his vehicle and eventually struck the fixed object at a high rate of speed.

24. The Defendant Nichols was negligent, if, as alleged, she entered the intersection on a red light causing the first collision, which led to the subsequent events.

25. As a direct and proximate result of the injuries he sustained in the occurrence, the Plaintiff Adam Say was transported emergently to the hospital where he underwent lifesaving abdominal surgery, losing a large portion of his colon, among other serious injuries. He also lost time from his employment and usual pursuits and continues to suffer from these injuries, both physically and mentally, and suffered a diminution of earning capacity, and has permanent physical and emotional injuries as a result.

26. So that all of Plaintiff Adam Say's injuries, losses and damages were as a result of one or both of the Defendants' (Mussa and Nichols) negligence, and all without any negligence on his part contributing.

27. The Use-Plaintiff Federal Insurance Company paid worker's compensation benefits to and on behalf of the Plaintiff Adam Say's employer and seeks reimbursement of their statutory lien.

WHEREFORE, the Plaintiff claims $3,000,000.00 (THREE MILLION DOLLARS) in compensatory damages.

## CASE TWO

28. The Plaintiffs adopt and reallege the facts set forth above as if set forth more fully herein.

29. The Plaintiffs, jointly, by the same attorney, sue the Defendants and say

that their marriage lost and will lose the services the Plaintiff Adam Say would have provided had he not been injured by the negligence of the Defendants, as more particularly stated above, and all without any negligence on their part contributing.

WHEREFORE, the Plaintiffs claim $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS).

## COUNT TWO
## Case One
## (*Respondeat Superior versus Lyft, Inc.)*

30. The Plaintiffs adopt and reallege the facts set forth above as if set forth more fully herein.

31. At all times pertinent, the Defendant Mussa was employed by the Defendant Lyft, Inc. to provide transportation services and was in the course of that employment when he was negligent and injured the Plaintiff Adam Say.

32. The Defendant Lyft, Inc, as employer of the Defendant Mussa is responsible to the Plaintiff for the injuries, losses and damages caused by the Defendant Mussa.

33. All of the Plaintiff Adam Say's injuries, losses and damages were sustained without any negligence on his part contributing.

34. The Use-Plaintiff Federal Insurance Company paid worker's compensation benefits to and on behalf of the Plaintiff Adam Say's employer and seeks reimbursement of their statutory lien.

WHEREFORE, the Plaintiff claims $3,000,000.00 (THREE MILLION

DOLLARS) in compensatory damages.

**CASE TWO**

35. The Plaintiffs adopt and reallege the facts set forth above as if set forth more fully herein.

36. The Plaintiffs, jointly, by the same attorney, sue the Defendant Lyft, Inc. and say that their marriage lost and will lose the services the Plaintiff Adam Say would have provided had he not been injured by the negligence of the Defendant Mussa, for whom Lyft, Inc. is liable, as more particularly stated above, and all without any negligence on their part contributing.

WHEREFORE, the Plaintiffs claim $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS).

**COUNT THREE**
**Case One**
**(*Negligent Hiring, Retention & Training versus Lyft, Inc.*)**

37. The Plaintiffs adopt and reallege the facts set forth above as if set forth more fully herein.

38. The Defendant Lyft, Inc. has access to a trove of information regarding their drivers, how they drive and whether they habitually drive in a negligent or reckless fashion. This includes, but is not limited to, passenger reviews and other data captured while on the Lyft, Inc. App. It is believed, and therefore averred, that the Defendant Mussa habitually drove in a negligent or reckless fashion while on the Lyft, Inc. App and transporting passengers, that Lyft, Inc. received complaints from passengers as a result,

but continued to employ him and to provide passengers to the Defendant Mussa, exposing the passengers and the general public to a significant risk of harm.

39. The Defendant Lyft, Inc. owed a duty to the Plaintiff and others, including passengers and other vehicles on the road, to not continue to provide driving opportunities to the Defendant Mussa. With the knowledge they had, or should have had, the Defendant Lyft, Inc. could have terminated the relationship with Mussa. As a direct and proximate result of the Defendant Lyft, Inc. continuing to provide passengers to the Defendant Mussa, the Plaintiff Adam Say was a passenger in his vehicle and suffered serious and nearly deadly injuries as a result.

40. The Defendant Lyft, Inc. also had an obligation to properly train its drivers. In the instant case, the Defendant Mussa was involved in ostensibly a minor collision, causing a small dent to the left rear of his vehicle. He could have stopped the vehicle at that point, but instead, attempted to accelerate down the road in an attempt to chase the Defendant Nichols, leading to the serious collision and injuries to the Plaintiff Adam Say.

41. The Defendant Lyft, Inc. failed to properly vet the Defendant Mussa before providing him with a passenger for carriage, and a cursory background check and investigation would have revealed he was not fit for this duty and should not have been accepted as a Lyft, Inc. driver.

42. Had the Defendant Mussa been properly trained, he would have stopped and no injuries, or no serious injury, would have occurred.

43. So that all of Plaintiff Adam Say's injuries, losses and damages were as a result of the negligent training, hiring and retention of the Defendant Mussa and all

without any negligence on the part of the Plaintiff contributing.

44. The Use-Plaintiff Federal Insurance Company paid worker's compensation benefits to and on behalf of the Plaintiff Adam Say's employer and seeks reimbursement of their statutory lien.

WHEREFORE, the Plaintiff claims $3,000,000.00 (THREE MILLION DOLLARS).

**CASE TWO**

45. The Plaintiffs adopt and reallege the facts set forth above as if set forth more fully herein.

46. The Plaintiffs, jointly, by the same attorney, sue the Defendant Lyft, Inc. and say that their marriage lost and will lose the services the Plaintiff Adam Say would have provided had he not been injured by the negligence of the Defendants, as more particularly stated above, and all without any negligence on their part contributing.

WHEREFORE, the Plaintiffs claim $500,000.00 (FIVE HUNDRED THOUSAND DOLLARS).

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all counts alleged and all issues raised in this Complaint.

Dated this 26th day of May 2026

/s/ *Dennis F. O'Brien*

Dennis F. O'Brien, Esquire, #00771
Dennis F. O'Brien, P.A.
202 Blum Court
P.O. Box 489
Bel Air, Maryland 21014
(410) 420-7411 P
(410) 420-6647 F
obie26@aol.com
*Attorney for Plaintiffs*